IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:10-cr-56-WKW |
| KIRBY C. BRUCE | ) | [wo] |
| | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court are Defendant's *Motion to Suppress Evidence* (Doc.15, filed 8/3/10), the Government's *Response* (Doc. 21, filed 8/18/10), and *Supplemental Response* (Doc. 22, filed 8/19/10). Defendant Kirby C. Bruce (hereinafter "Bruce" or "Defendant") seeks to exclude all evidence seized from his vehicle during a traffic stop conducted on January 19, 2007. After an evidentiary hearing and due consideration of briefs, arguments, and applicable law, the Magistrate Judge recommends that the District Court **DENY** the motion to suppress.

### I.  FINDINGS OF FACT

On January 19, 2007, Corporal J.S. Dunn ("Dunn") of the Montgomery Police Department (MPD) was assigned to investigate a spate of robberies occurring in or near the Vieux Carre apartment complex on Carter Hill Road in Montgomery, Alabama. Dunn was parked just inside the entrance to the Vieux Carre parking lot when, at approximately 5:28 p.m., he saw a gold Ford Crown Victoria drive into the lot and turn left. Dunn could see the Ford did not have a tag light as it drove away from him. Dunn turned on his emergency lights and began a traffic stop. The Ford immediately turned

into a parking space. As Dunn came to the car, he could smell the distinct odor of marijuana. Dunn asked the driver, Kirby C. Bruce, to end his cell phone conversation. Bruce complied and Dunn told Bruce his car did not have a tag light. Dunn felt Bruce was overly friendly and cooperative, and saw Bruce's hand shake as he held his identification. Dunn went back to his car to write a Written Warning for Improper Lighting (No Tag Light).

After Dunn gave Bruce the warning he asked about the odor of marijuana. Bruce said that he had a "sack," and then reached into his right front pocket, retrieved a small plastic bag of marijuana, and gave it to Dunn. Dunn told Bruce that he would search the car because of the odor of marijuana coming from the vehicle. Bruce said "okay" and got out of his car. While patting Bruce down in a search for weapons, Dunn found three additional bags of marijuana and $3180 in United States currency. Dunn then arrested Bruce for Unlawful Possession of Marijuana and put Bruce in the rear seat of his patrol car.

Next, Dunn began a search of Bruce's car incident to arrest. Dunn found a handgun in the rear seat armrest and two gallon-size zip-lock bags of marijuana. Bruce told Dunn that the handgun belongs to his cousin and that he did not have a permit for the weapon.

On April 27, 2010, the Grand Jury for the Middle District of Alabama indicted Bruce for (1) the knowing and intentional possession with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1); and, (2) knowingly using and carrying a firearm, during and in relation to, and possession of a

firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, to-wit: possession with intent to distribute marijuana, in violation of 18 U.S.C. § 924(c)(1). *See* Doc. 1.  On August 3, 2010, Bruce filed a motion to suppress the evidence discovered by Dunn. *See* Doc. 15.  Bruce alleges suppression is appropriate because the traffic stop was invalid under the Fourth Amendment, and the admission of the marijuana and handgun as evidence should be suppressed as fruit of an unlawful search.  The Court heard argument and received evidence from the parties on August 25, 2010.

## II.  DISCUSSION AND ANALYSIS

The Fourth Amendment guards "[t]he right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV.  The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights" by prohibiting the use of illegally seized evidence in criminal prosecutions. *United States v. Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613 (1974).  The rule is designed to deter misconduct by law enforcement by banning evidence obtained in violation of the Fourth Amendment. *United States v. Virden*, 488 F.3d 1317, 1322 (11th Cir. 2007), citing *Nix v. Williams*, 467 U.S. 431, 442-43, 104 S.Ct. 2501, 2508 (1984).

Bruce moves to suppress the marijuana and handgun because Dunn had no authority to stop his car, and no authority to question him, or search his person and car. Bruce further argues that Dunn lacked authority because he did not see the vehicle equipment violation on a public roadway, and that the stop was invalid because it was

3

initiated on private property. From his argument Bruce implicitly concedes that if Dunn had authority to stop him, the remainder of Dunn's actions thereafter fall within well settled principles of Fourth Amendment jurisprudence. Bruce cites cases from the Northern District of Georgia and the Fourth Circuit which indicate that, in the circumstances presented to those courts, a law enforcement officer must witness traffic violations on public roadways before they can take action. Bruce does not otherwise challenge the validity of the stop.

The United States distinguishes the stop in this case and argues that it was valid pursuant to a Montgomery city ordinance which authorizes officers to investigate traffic violations wherever they may occur. The ordinance states "[A]ll traffic ordinances of the city in effect or enacted, in addition to being enforceable within the city and upon the public streets and highways thereof, shall be enforceable in and on all quasipublic or private parking lots, streets, and highways." Code of Ordinances, City of Montgomery 1980, § 27-4(a). Section 27-1 defines parking lot to include "any parking lot, street or highway owned and maintained by a private individual or corporation for the use of customers, tenants or employees." Code of Ordinances, City of Montgomery 1980, § 27-4(a). Thus, the Government argues, the stop in the parking lot of the Vieux Carre apartments was valid, and the evidence seized as a result of the subsequent questioning and search is admissible against Bruce.

The Court finds the single issue raised by Bruce is settled by reference to the city ordinance cited by the Government. Uncontroverted testimony shows that Dunn saw the rear of Bruce's car from his position in the Vieux Carre parking lot. Dunn could easily

see that Bruce's car did not have a tag light.[1]  Therefore, the stop was valid, as enabled by § 27-4(a).  Dunn's detection of the odor of marijuana led to basic questions about Bruce's possession of marijuana, which in turn, led to a pat down search and the discovery of more marijuana and the handgun.  Dunn's actions did not violate the Fourth Amendment, and the motion to suppress is due to be denied.

### III.  CONCLUSION

Pursuant to the foregoing findings and conclusions, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant's *Motion to Suppress Evidence* (Doc. 15) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation not later than **September 13, 2010.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d

---

[1] The Government also elicited testimony that it was after sunset when Dunn saw Bruce pull into the parking lot, thus, Dunn immediately noticed the absence of a tag light.

33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 31st day of August, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE